UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA JENKINS and JESSICA VEFFER, on behalf of themselves and all others similarly situation,<br><br>                Plaintiffs,<br>v.<br><br>APPLE, INC.,<br><br>                Defendant. | Case No.: 11-CV-01828-LHK<br><br>ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT<br><br>(re: dkt. #17) |

On April 14, 2011, Defendant Apple, Inc. ("Apple") removed this action to federal court on the basis of diversity jurisdiction under the Class Action Fairness Act, 28 USC § 1332(d). Presently before the Court is Plaintiffs' motion to remand this action to state court. *See* Dkt. #17. Apple has filed a statement of non-opposition, informing the Court that it does not oppose remand. *See* Dkt. #26. Pursuant to the Civil Local Rule 7-1(b), the Court deems this matter appropriate for resolution without oral argument and vacates the July 21, 2011 hearing. For the reasons explained below, the Court GRANTS Plaintiffs' unopposed motion and REMANDS this action to Santa Clara County Superior Court.

**I.    Background**

On March 15, 2011, Plaintiffs Christina Jenkins and Jessica Veffer filed a putative class action Complaint for equitable relief in the Superior Court of Santa Clara County against Apple, alleging claims under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et*

1

*seq.* ("Section 17200"), and the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq*. Plaintiffs allege unfair business practices in connection with the sale of software applications ("apps") for Apple's iPhone, iPod Touch and iPad devices through the Apple App Store. Compl. ¶¶ 1-4. Plaintiffs each downloaded the same app, a game called Angry Birds, from the Apple App Store with the expectation that the app would not "unnecessarily access[] or transmit[] data from their iPhone[s]." *Id*. at ¶¶ 26-28. Plaintiffs later learned that the app transmitted various individualized data from their iPhones to third parties without their informed consent. *Id*. at ¶ 29. Plaintiffs allege that Apple's practices constitute "fraudulent practices and are likely to deceive the consumer." *Id*. at ¶ 41. Plaintiffs seek injunctive relief, and only injunctive relief, requiring Apple to either cease offering apps which unnecessarily access and transmit user data, or to conspicuously inform consumers about the transmissions if an app does transmit such data. *Id*. at ¶¶ 44-45, 51-52.

## II.   Legal Standards

### A.   Remand

Every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Because of the "strong presumption" against removal jurisdiction, the defendant bears the burden of establishing the facts to support jurisdiction. *See Gaus*, 980 F.2d at 566-67.

### B.   Article III Standing

"[A] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In order to have standing under Article III, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *See Summers v. Earth Island Inst.*, 129 S.Ct. 1142, 1149 (2009). Moreover, plaintiffs seeking injunctive relief "must demonstrate that they are realistically threatened by a *repetition* of the violation." *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis in original).

### III.   Analysis

Apple's one sentence statement of non-opposition does not explain why it does not oppose remand even though it was the party that removed the case in the first place, and certainly does not meet its burden of establishing facts to support subject matter jurisdiction. The Court is left to consider only Plaintiffs' motion to remand. In their motion, Plaintiffs argue that they lack Article III standing. The Court agrees.[1]

Plaintiffs' Complaint states only two causes of action against Apple, one for injunctive relief under Section 17200 and the other for injunctive relief under the CLRA. Plaintiffs acknowledge that their claims are based entirely on past transactions, and concede that they do not face any realistic threat of future injury from Apple's allegedly unfair business practices. *See Laster v. T-Mobile USA, Inc.*, 2009 U.S. Dist. LEXIS 116228, *10-11 (S.D. Cal. Dec. 14, 2009) (a threat of future injury to unnamed class members does not confer jurisdiction); *see also Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class"). Although Plaintiffs may have viable state law claims in state courts even with knowledge of the alleged unfair business practices, such knowledge means that Plaintiffs lack Article III standing for their injunctive relief claims in federal court. *See In re Intel Laptop Battery Litigation*, No. C 09-CV-02889, Dkt. #187 at 3 (N.D. Cal. April 7, 2011) ("if a plaintiff has knowledge of a defendant's practices, that plaintiff cannot have standing to seek injunctive relief to redress injuries caused by those practices, because the plaintiff's knowledge precludes him from showing a likelihood of being injured in the future by

---

[1] In their motion to remand, Plaintiffs also argued that a forum selection clause in the App Store Terms and Conditions requires that the case be remanded to state court. *See* Pls.' Mot. to Remand at 2 (arguing that the forum selection clause provides that disputes should be adjudicated in the "courts of the State of California"). Because the Court finds that Plaintiffs lack Article III standing, the Court does not address the forum selection clause argument.

3
Case No.: 11-CV-01828-LHK
ORDER REMANDING CASE

those practices"); *see also Laster*, 2009 U.S. Dist. LEXIS 116228, *10 ("Plaintiffs' knowledge precludes them from showing likelihood of future injury.").

On these uncontested allegations, Plaintiffs' claims should be remanded to state court.

### IV. Conclusion

Accordingly, the Court GRANTS Plaintiffs' unopposed motion and REMANDS this action to Santa Clara County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 1, 2011

LUCY H. KOH
United States District Judge

4
Case No.: 11-CV-01828-LHK
ORDER REMANDING CASE